1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MERVIN S. DUNFORD,                      No.  2:15-cv-1810 AC P

12              Plaintiff,

13        v.                                 ORDER

14   JEFFREY A. BEARD, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        I.        Application to Proceed In Forma Pauperis

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  ECF No. 4.  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4       II.       Statutory Screening of Prisoner Complaints

5           The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

13  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

14  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

15  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

16  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

17  has an arguable legal and factual basis.  Id.

18          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

25  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

26  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

27  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

28  ed. 2004)).

2

1   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

3   Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

4   content that allows the court to draw the reasonable inference that the defendant is liable for the

5   misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint

6   under this standard, the court must accept as true the allegations of the complaint in question,

7   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

8   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

9   McKeithen, 395 U.S. 411, 421 (1969).

10      III.    Complaint

11      In the complaint, plaintiff alleges that he was under "the mental care of the CMF-contract

12   state doctor" and that this doctor caused him "permanent personal injury" and "permanent

13   disability." ECF No. 1 at 3. He alleges that the injury was the result of being prescribed a

14   medication that required monthly blood testing and that the doctor failed to conduct the required

15   blood testing. Id. He alleges that defendant Duffy was the warden and therefore responsible for

16   his "safety and physical security." Id. Plaintiff further alleges that the former litigation

17   coordinator, J.R. Weaver, who is not named as a defendant, "refuse[d] to assist" and that the

18   current litigation coordinator, defendant Liu, "fail[ed] to acknowledge [the] claim." Id. Finally,

19   he alleges that as secretary, defendant Beard was responsible for "the appropriate safety &

20   security of CDCR employee[s] & prisoner[s]." Id.

21      IV.    Failure to State a Claim

22      There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

23   connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

24   362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and

25   conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.

26   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27      Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v

28   List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under

3

1    § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation,

2    or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

3    constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v.

4    Black, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the constitutional

5    violations of his subordinates if he "knew of the violations and failed to act to prevent them."

6    Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal

7    participation if the official implemented "a policy so deficient that the policy itself is a

8    repudiation of the constitutional rights and is the moving force of the constitutional violation."

9    Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

10   marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

11        Plaintiff has failed to allege sufficient personal involvement by any of the defendants.

12   First, plaintiff's allegations against defendants Duffy and Beard appear to be based solely on their

13   positions as supervisors.  ECF No. 1 at 3.  Plaintiff does not include any allegations that either

14   individual was personally involved with his treatment or that they knew what was happening and

15   failed to take appropriate corrective measures.  Id.  These claims that Duffy and Beard are liable

16   because their positions made them ultimately responsible for plaintiff's safety are insufficient to

17   state a cognizable claim.

18        Plaintiff also names Captain Shirley C. as a defendant, but does not make any allegations

19   against her in the complaint.  Id. at 2-3.  Because plaintiff does not make any claims against this

20   defendant, she must be dismissed.  To the extent the claims plaintiff intended to bring were based

21   on Shirley C's position as captain, they would have been insufficient for the same reasons the

22   claims against Duffy and Beard are insufficient.

23        To the extent plaintiff is attempting to bring claims against the former litigation

24   coordinator, J.R. Weaver, he has not named Weaver as a defendant.  Id.  However, even if

25   plaintiff had named Weaver as a defendant, the claims against Weaver and defendant Liu, the

26   current litigation coordinator, are insufficient to state a claim because they do not provide any

27   information regarding plaintiff's interactions with either individual or explain what they did or

28   did not do.  Plaintiff states only that the litigation coordinators refused to assist him or

1    acknowledge his claim.  Id. at 3.

2          Finally, plaintiff identifies Dr. Soufi as a defendant (ECF No. 1 at 2), but does not make

3    any allegations against Dr. Soufi (id. at 3).  Presumably, Soufi is the "CMF-contract state doctor"

4    plaintiff refers to in the statement of claim section of the complaint, but he does not identify the

5    doctor by name in the allegations and, even if he did, the allegations are insufficient to establish

6    deliberate indifference.

7          In order "to maintain an Eighth Amendment claim based on prison medical treatment, an

8    inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

9    1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires

10   plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

11   condition could result in further significant injury or the unnecessary and wanton infliction of

12   pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (quoting

13   McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations

14   marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th

15   Cir. 1997) (en banc)).

16         Deliberate indifference is established only where the defendant *subjectively* "'knows of

17   and disregards an *excessive risk* to inmate health and safety.'"  Toguchi v. Chung, 391 F.3d 1051,

18   1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175,

19   1187 (9th Cir. 2002)).  Deliberate indifference can be established "by showing (a) a purposeful

20   act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

21   indifference."  Jett, 439 F.3d at 1096 (citation omitted).  A difference of opinion between an

22   inmate and prison medical personnel—or between medical professionals—regarding appropriate

23   medical diagnosis and treatment are not enough to establish a deliberate indifference claim.

24   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.  Plaintiff fails to

25   identify what injury or disability he suffered, or how the failure to conduct monthly blood testing

26   led to this unspecified injury.  The allegations before the court are too vague to establish that

27   defendant Soufi, or any other physician, was deliberately indifferent to plaintiff's serious medical

28   need.

Because plaintiff has failed to allege facts sufficient to state a claim against any defendant, the complaint will be dismissed.  However, because plaintiff may be able to plead additional facts to remedy the deficiency, he will be given an opportunity to amend the complaint.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      Summary

Plaintiff's request to proceed in forma pauperis is granted.

The complaint is dismissed with leave to amend because the facts plaintiff has alleged are not enough to state a claim for relief.  It looks like plaintiff is suing defendants Duffy and Beard because they were the warden and secretary.  Plaintiff cannot sue Duffy and Beard just because

they were in charge.  If he wants to state a claim against either of these defendants, he must either (1) explain how they were personally involved in his treatment; (2) show that they were aware of their employees violating plaintiff's rights or that plaintiff was in danger and they failed to stop the violations or prevent the danger; or (3) that they created or ignored a policy that led to plaintiff's rights being violated.  If plaintiff wants to state claims against defendant Shirley C., he must explain what she did.  If plaintiff wants to bring a claim against J.R. Weaver, he must list Weaver in the section for listing defendants.  He must also explain how Weaver refused to assist him and how that caused his rights to be violated.  If plaintiff wants to bring a claim against defendant Liu, he must explain how she refused to acknowledge his claim and how that injured him.  Finally, if plaintiff wants to bring a claim against defendant Soufi, he must identify Soufi by name when making his claims.  Assuming the claims about the blood tests are against defendant Soufi, plaintiff must explain what injury he suffered because he did not get monthly blood testing and how the failure to do monthly tests caused the injury.

If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make, because the court will not look at the claims or information in the original complaint.  In other words, any claims or information not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

1  number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

2  original and two copies of the amended complaint.  Failure to file an amended complaint in

3  accordance with this order will result in dismissal of this action.

4          5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

5  form used in this district.

6  DATED: May 17, 2016

7

8  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28