1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MERVIN S. DUNFORD,                              No.  2:15-cv-1810 AC P

12                      Plaintiff,

13           v.                                       ORDER

14    JEFFREY A. BEARD, et al.,

15                      Defendants.

16

17           Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18    appointment of counsel.  ECF No. 10.

19           It appears that this motion may have been filed in the wrong court, as the caption is for the

20    Solano County Superior Court and the motion bears a state court case number.  Id. at 1.  If

21    plaintiff intended to file his motion for appointment of counsel with the state court, he will need

22    to resubmit the motion to that court.  In the event that plaintiff intended to file the motion in this

23    case, the court will address it.  However, plaintiff is advised that any future motions filed in this

24    case must have the name of this court, "United States District Court for the Eastern District of

25    California," and the number for this case, 2:15-cv-1810 AC, on the first page.  Failure to provide

26    the proper court and case number information on the first page of any future motions may result

27    in the motions being disregarded and returned to plaintiff as misfiled.

28           With respect to plaintiff's request for counsel, the United States Supreme Court has ruled

1

1    that district courts lack authority to require counsel to represent indigent prisoners in § 1983

2    cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

3    circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

4    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

5    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

6        "When determining whether 'exceptional circumstances' exist, a court must consider 'the

7    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

8    *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

9    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

10    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

11    most prisoners, such as lack of legal education and limited law library access, do not establish

12    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

13        The court recently screened the complaint and dismissed it with leave to amend.  ECF No.

14    5.  In screening the complaint, the court outlined the applicable legal standards for plaintiff and

15    explained to him what he would have to show in order to state a claim.  Id.  Since it does not

16    appear that plaintiff had received the screening order at the time he submitted the motion for

17    appointment of counsel, he likely has not yet attempted to follow the court's instructions for

18    amending the complaint.  At this stage the court is therefore unable to evaluate plaintiff's

19    likelihood of success on the merits or his ability to articulate his claims.  For these reasons, the

20    court is unable to find the necessary exceptional circumstances at this time and finds that

21    appointment of counsel would be premature at this stage of the case.

22    Summary

23        Plaintiff needs to make sure that he is sending his motions to the right court and that when

24    he files documents in this case the documents must have the name of this court and this case

25    number on the first page.

26        The motion for appointment of counsel is denied because it is too early in the case for the

27    court to find that exceptional circumstances exist.

28    ////

2

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

2  counsel (ECF No. 10) is denied without prejudice.

3  DATED: May 24, 2016

4

5    ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3