UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERVIN S. DUNFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFEREY A. BEARD, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-1810 AC P<br><br><br>ORDER |

　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 13.

　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

　　　"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

1 most prisoners, such as lack of legal education and limited law library access, do not establish
2 exceptional circumstances that would warrant a request for voluntary assistance of counsel.
3     Plaintiff requests appointment of counsel on the grounds that he has a chronic heart
4 condition, chronic chest pain, and is emotionally stressed and anxious.  ECF No. 13.  Though the
5 court is sympathetic to plaintiff's health issues, he has not established that they create an
6 exceptional circumstance warranting the appointment of counsel.  Moreover, the court has
7 screened the complaint and dismissed it with leave to amend.  ECF No. 5.  In screening the
8 complaint, the court outlined the applicable legal standards for plaintiff and explained to him
9 what he would have to show in order to state a claim.  Id.  There is no evidence that plaintiff has
10 attempted to follow the court's instructions for amending the complaint.  At this stage the court is
11 therefore unable to evaluate plaintiff's likelihood of success on the merits or his ability to
12 articulate his claims.  For these reasons, the court is unable to find the necessary exceptional
13 circumstances at this time and finds that appointment of counsel would be premature at this stage
14 of the case.
15     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
16 counsel (ECF No. 13) is denied.
17 DATED: August 16, 2016

                                      ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE